**CITIZEN POWER, INC., et al., Petitioners,**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondents,**

**Duquesne Light Company, et al., Intervenors.**

No. 01–1240.

United States Court of Appeals, District of Columbia Circuit.

April 25, 2002.

Rehearing and Rehearing En Banc Denied June 21, 2002.

Before EDWARDS, HENDERSON, and GARLAND, Circuit Judges.

PER CURIAM.

*JUDGMENT*

This case was considered on the record from the Federal Energy Regulatory Commission (Commission) and on the briefs filed by counsel. Citizen Power, Incorporated and the American Public Power Association (collectively, Citizen Power) petition for review of (1) a February 7, 2001 Commission order disclaiming jurisdiction over the potential disposition of power generation facilities by FirstEnergy Corporation and Duquesne Light Company (collectively, Intervenors), *see Am. Pub. Power Ass'n, et al.,* 94 FERC ¶ 61, 104 (2001); and (2) an April 6, 2001 notice of the Commission's denial of Citizen Power's request for a rehearing, *see Am. Pub. Power Ass'n, et al.,* 95 FERC ¶ 61,023 (2001).

Section 203 of the Federal Power Act (Act) prohibits a public utility from "dispos[ing] of . . . its facilities subject to the jurisdiction of the Commission . . . without first having secured an order of the Commission authorizing it to do so." 16 U.S.C. § 824b(a). Citizen Power filed with the Commission a complaint against each of the Intervenors and a request for a declaratory order, alleging that the Intervenors had failed to seek Commission approval to transfer (i.e., dispose of) generation-only facilities. Under the plain text of the Act, the Commission properly disclaimed jurisdiction. Section 201 of the Act states that the Commission "shall have jurisdiction over all facilities for . . . transmission or sale of electric energy, but shall *not* have jurisdiction, except as specifically provided in this subchapter and [the next subchapter], over facilities used for the *generation* of electric energy." 16 U.S.C. § 824(b)(1) (emphasis added). As the Commission points out, "Section 203 itself does not 'specifically provide' for Commission jurisdiction over generation facilities within the meaning of § 201(b)(1) . . . [and so] the Commission has for decades consistently disclaimed jurisdiction over dispositions of generating facilities under § 203." Br. of Resp't at 8, 10 (citing, *inter alia, Consumers Power Co.,* 52 FERC ¶ 61,023 (1990),

*aff'd, Mich. Pub. Power Agency v. FERC,* 963 F.2d 1574 (D.C.Cir.1992)).

Citizen Power resists this conclusion, arguing that the Commission has section 203 jurisdiction over the disposition of generation facilities because they are in fact facilities "for [the] *transmission* or *sale* of electric energy" under section 201. *See* Br. of Pet'r at 7. In doing so, it ignores the clear bifurcation of that section. As the Commission properly found, "[t]here is no necessary nexus between the interstate transmission or sale of electric energy, on the one hand, (the triggering events giving rise to our jurisdiction) and the disposition of a generation facility by itself" on the other. Deferred Appendix at 3. Moreover, that the Congress granted the Commission limited authority to regulate generation facilities under certain circumstances enumerated in sections 205 and 206 of the Act, *see* Br. of Pet'r at 8, does not mean that those facilities are "subject to the jurisdiction of the Commission" within the meaning of section 203. Finally, even if the text of the Act could bear the strained meaning Citizen Power advocates, the Commission's longstanding, reasonable interpretation would be entitled to deference under *Chevron, U.S.A., Inc. v. NRDC,* 467 U.S. 837, 843, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

Therefore, it is ORDERED that the petition for review is denied.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41(a)(1).